UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
BRION ROCKWELL,                          )  No. C10-1602RSL
                                         )
             Plaintiff,              )
                                         )  ORDER DENYING PLAINTIFF'S
    v.                                     )  MOTION FOR
                                         )  CLASS CERTIFICATION
CHASE BANK USA, N.A.,                    )
                                         )
             Defendant.              )
_____)

Plaintiff is pursuing two claims against defendant Chase Bank arising out of a change in the interest rate applied to plaintiff's credit card account in 2009.[1] Plaintiff asserts that a retroactive increase in his interest rate in order to maintain Chase's profitability using a confusing notice and opt-out procedure frustrates the overall purpose of the credit arrangement and violates the implied duty of good faith and fair dealing under Delaware law. Plaintiff also asserts a Truth in Lending Act ("TILA") claim challenging the clarity and conspicuousness with which Chase disclosed the change-in-terms provision in the January 2009 Cardmember Agreement. Plaintiff seeks certification of two classes, one for each claim, defined as:

> (i) all persons that [sic] paid extra interest due to Chase Bank's increase of their interest rate formula retroactively on existing credit card balances for the purpose of maintaining Chases' [sic] profitability during the period between the filing of this action and three years prior to the filing of this action; and

---

[1] Plaintiff's other claims were dismissed on June 7, 2011. Dkt. # 25.

ORDER DENYING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION

>    (ii) all persons that [sic] paid extra interest due to Chase Bank's increase of their interest rate formula retroactively on existing credit card balances that was not adequately disclosed during the period between the filing of this action and one year prior to the filing of this action.

Certain persons and entities are specifically excluded from the proposed classes. Having reviewed the memoranda, declarations, and exhibits submitted by the parties[2] and having heard the arguments of counsel, the Court finds as follows:

      The Court declines to certify either class. Plaintiff's claim for breach of the implied duty of good faith and fair dealing is based on the form of the July 2009 change-in-terms notice and the justifications for the interest rate increase stated therein. The proposed class is not so limited, however, and would include anyone who had his or her interest rate increased and was subsequently able to prove that the primary motive was improving Chase's profitability. Unless the class is defined by the specific representations its members received (in this case, the form of the change-in-terms notice sent to plaintiff in July 2009), it is virtually impossible to determine at this point in time who is a member of the proposed class. If, on the other hand, plaintiff intends to pursue a claim that is not based on the standard form notice, he has not shown either commonality or typicality and individual issues regarding Chase's bad faith would preclude class-wide resolution of such a claim.

      With regards to the TILA claim, identifying members of the proposed class would depend entirely on the resolution of the underlying legal issue, namely, whether the change-in-terms provision were adequately disclosed. The proposed class is not based on any objective, presently-existing criteria related to Chase's customers. Such "fail-safe" classes are unworkable

---

[2] Plaintiff's objection to the consideration of his deposition testimony (Dkt. # 50 at 1) is overruled. Plaintiff has not identified any discrepancy in the transcript that would warrant exclusion of the evidence. Defendant's request to strike "new evidence" submitted in reply (Dkt. # 54) is denied. The evidence and associated arguments are responsive to issues raised by defendant in its memoranda and are properly incorporated in the reply.

ORDER DENYING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION      -2-

because members of the proposed class cannot be identified for notification purposes.  They are also unfair to defendant in that they place potential class members in a win-win situation:  if the class representative establishes a TILA violation, the absent class members can be identified and are simultaneously victorious.  If, on the other hand, the disclosures are found to be adequate, the ruling will apply only to the named plaintiff because no class would come into existence.  See Kamar v. RadioShack Corp., 375 Fed. Appx. 734, 735-36 (9th Cir. 2010); Boucher v. First Am. Title Ins. Co., 2011 WL 1655598, at *5 (W.D. Wash. May 2, 2011).  The proposed class is also defective in that plaintiff's claim is based solely on the disclosures in the January 2009 Cardmember Agreement, and he has not shown that his TILA claim is typical with regards to any other representation or disclosure that may have resulted in a retroactive rate increase.

The Court therefore declines to certify the classes proposed by plaintiff.  Should plaintiff seek to amend the case management schedule in an attempt to pursue more narrowly-defined classes, he should also be aware that the Court has concerns regarding the adequacy of counsel to represent what is essentially a nationwide class against a titan of the banking industry.  Although three counsel appear in the docket on behalf of plaintiff, one (plaintiff's stepfather) is in ill-health, one actually represents third-parties attempting to intervene in this litigation, and the other is a sole practitioner who has limited, if any, class experience and appears to be pursuing these types of claims for the first time in this and a similar case pending before the Honorable Thomas S. Zilly.  While the Court is cognizant of the fact that plaintiffs generally have the freedom to choose their own counsel, where plaintiff hopes to represent a class and litigate claims on behalf of individuals who have no say in that choice, the Court must consider whether counsel "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In addition to counsel's apparent lack of resources and experience to pursue this action on behalf of a class, the presentation of plainly defective class definitions (Dkt. # 36 at 1; revised at Dkt. # 50 at 2), the failure to timely file exhibits (Dkt. # 37) and memoranda (Dkt. # 50),

ORDER DENYING PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION            -3-

1 reliance on pleading standards that have been rejected by the Supreme Court (Dkt. # 23 at 4),

2 and the citation of a case for a proposition opposite from that stated by the court (Dkt. # 50 at 9)

3 raise additional concerns regarding the vigor and competency of chosen counsel.  See Hanlon v.

4 Chrysler Corp., 150 F.3d 1011, 1021 (9th Cir. 1998)

5

6          For all of the foregoing reasons, plaintiff's motion for class certification (Dkt.

7 # 36) is DENIED.

8

9

10          Dated this 11th day of October, 2012.

11                              /s/ Robert S. Lasnik

12                              Robert S. Lasnik
                                United States District Judge